O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TAREN L. GARDNER, | Case No. CV 12-07275-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Taren L. Gardner seeks judicial review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed.

**I.  Background**

Plaintiff was born on May 25, 1972, and has relevant work experience as a cashier/checker, nurse's aide, medical assistant, automobile self-service attendant, and home attendant. (Administrative Record ("AR") at 75.) Plaintiff filed an application for DIB on December 21, 2008, followed by an application for SSI on June 29, 2009. In the

applications, Plaintiff alleges disability beginning January 27, 2006, due to discogenic and degenerative back disorders and breast cancer. (AR at 47, 59.)

Plaintiff's applications were denied initially on May 6, 2009, and upon reconsideration on November 10, 2009. (AR at 59.) An administrative hearing was held on April 21, 2011, before Administrative Law Judge ("ALJ") Zane A. Lang. Plaintiff, represented by counsel, testified, as did June C. Hagen, Ph.D., a Vocational Expert ("VE"). (AR at 59.)

On May 3, 2011, the ALJ issued an unfavorable decision. (AR at 59-77.) The ALJ determined that Plaintiff suffers from the severe impairments of: status-post breast cancer surgery, degenerative disc disease of the lumbar spine, reactive airway disease, obesity, anemia, depression, and borderline intellectual functioning. He found that she is unable to perform any of her past relevant work. (AR at 75.) Nevertheless, he found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she is limited to simple instructions and decision-making, and is further limited in her ability to: lift weights; stand; sit; work with ladders, ropes or scaffolds; balance stoop, knee, crouch, crawl or climb; and be exposed to fumes. (AR at 68-69.) The ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (AR at 75.) The Appeals Council denied review on July 2, 2012. (AR at 1.)

Plaintiff commenced this action for judicial review, and on February 19, 2013, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff raises the single claim that the record does not support the ALJ's finding that the occupations that Plaintiff is able to perform exist in significant numbers in the

national economy. Plaintiff seeks remand for the payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stip. at 21-22.) Defendant requests that the ALJ's decision be affirmed or, if the Court finds that the ALJ committed reversible error, that the Court remand so that the Commissioner may correct any error. (Joint Stip. at 22-23.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The decision of the Commissioner or ALJ must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//
//

## III. Discussion

Plaintiff contends that the ALJ erred in adopting the testimony of VE Hagen that the occupations that Plaintiff is able to perform exist in significant number in the national economy. At the hearing, VE Hagen testified that someone with Plaintiff's RFC would be able to perform production jobs such as: touch-up screener-PC board, Dictionary of Occupational Titles ("DOT") 726.684-110; lens inserter-optical, DOT 713.687-026; and stone setter-jewelry, DOT 735.687-034. (AR at 32, 76.) She stated that there were approximately 6,000 local and 160,000 national touch-up screener jobs, approximately 2,200 local and 94,000 national lens inserter jobs, and approximately 2,100 local and 93,000 national stone setter jobs. No explanation was provided as to how she had arrived at these numbers.

Following the ALJ's decision denying benefits, Plaintiff submitted new evidence to the Appeals Council, seemingly undermining VE Hagen's testimony regarding the availability in the economy of the jobs suitable to Plaintiff's RFC. (AR at 306-22.) First, she submitted a copy of pages from the *Specific Occupation Employment Unskilled Quarterly* ("SOEUQ"), a publication from the private company United States Publishing. The SOEUQ excerpts included are from the fourth quarter of 2010, and state that there were far fewer local and national jobs available for the occupations of touch-up screener, lens inserter, and stone setter than represented by the VE.[1] Plaintiff also submitted information from *Job Browser Pro*, version 1.6, a publication of a private company called

---

[1] The SOEUQ states that for the occupation of touch-up screener, there were 114 jobs locally and 2,862 nationally; for lens inserter there were 1 locally and 30 nationally; and for stone setter there were 33 jobs locally and 596 jobs nationally. (AR at 308, 310-12.)

4

Skilltran. The *Job Browser Pro* data shows that for the year 2011, there were far fewer jobs available for the relevant occupations than represented by the VE.[2] The Appeals Council denied review, noting that it had considered the additional evidence submitted by Plaintiff, but that this information did not provide a basis for changing the ALJ's decision. (AR at 1-5.)

In determining whether to grant review, the Appeals Council must consider any new and material evidence submitted to it relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b). However, in rejecting post-hearing evidence, the Appeals Council is not required to make any particular evidentiary finding. *Gomez v. Chater,* 74 F.3d 967, 972 (9th Cir. 1996). When, as here, the Appeals Council does consider the additional evidence but denies review, the additional evidence becomes part of the administrative record for purposes of this Court's analysis. *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161–63 (9th Cir. 2012). Thus, this Court must engage in an "overall review" of the ALJ's decision, including the new evidence, to determine whether the decision was "supported by substantial evidence" and was "free of legal error." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).

An ALJ may properly rely on a VE's testimony regarding occupational issues. *See* 20 C.F.R. § 416.966(e) (authorizing ALJs to rely on vocational expert testimony to determine occupational issues); *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of qualified

---

[2] According to the *Job Brower Pro* data, there were 87 local and 1,787 national touch-up screen jobs, 2 local and 51 national lens inserter jobs, and no local and 3 national stone setter jobs. (AR at 308, 313-315.)

vocational expert constitutes substantial evidence). Additionally, the Ninth Circuit has held that where the ALJ relies on proper evidence in concluding that there are jobs in the national economy that a claimant can perform, the Appeals Council is free to reject contradictory evidence obtained after an adverse administrative decision. *See Gomez,* 74 F.3d at 972 (finding that the Appeals Council appropriately rejected the report of claimant's vocational expert, which stated that no jobs were available that claimant could perform, when the ALJ had properly relied on the Medical-Vocational Guidelines to find that such jobs did exist).

Here, Plaintiff's argument that the VE's testimony does not constitute substantial evidence in light of conflicting evidence from the SOEUQ and *Job Browser Pro* is without merit. Neither the SOEUQ nor *Job Browser Pro* is included in the list of published sources recognized as authoritative by Social Security regulations. *See* 20 C.F.R. § 404.1566(d). While Plaintiff identifies several decisions in which courts have acknowledged that VE testimony relying on the SOEUQ or *Job Browser Pro* can constitute substantial evidence, none hold that a VE must rely on them or that these sources control when they conflict with VE testimony. *See, e.g., Brault v. Social Sec. Admin., Com'r,* 683 F.3d 443 (2d Cir. 2012) (endorsing district court's finding that it was appropriate for the VE to consult the *Occupational Employment Quarterly* in rendering his testimony); *Poisson v. Astrue,* 2012 WL 1067661, at *9 (D. Me. March 28, 2012) (holding that VE's testimony was reliable when she relied on *Job Browser Pro* as well as her own professional experience and expertise in endorsing the numbers provided).

Plaintiff suggests that the VE's methodology for determining the numbers of jobs in the economy was faulty; however, she does not

identify what methodology was used nor how it was problematic. The ALJ was entitled to rely on the VE's testimony despite the fact that the VE did not identify the methodology used. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005) (finding that a "VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy.[3] That is not enough to warrant remand. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Accordingly, substantial evidence supported the ALJ's finding that Plaintiff could perform jobs that exist in significant numbers in the national economy, and Plaintiff's claim is without merit.

**IV.  Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

DATED: March 1, 2013

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge

---

[3] The Court notes that Plaintiff has not presented any reason as to why she did not proffer her evidence, which presumably was available at the time of the hearing, to the ALJ, rather than waiting to submit it to the Appeals Council.